84   623
s185s542

## Warren Springer v. Robert Law et al.

1. EQUITY PRACTICE—*Notice of Master's Sales.*—The law does not require that notice of a sale under a decree in foreclosure should be given to the parties personally, nor that it be actually brought home to the knowledge of parties interested.

2. SAME—*Deficiency Decrees, When Proper.*—Where a master in chancery is ordered by a decree in foreclosure to make a sale of mortgaged premises and to specify in his report of such sale the amount of the deficiency, if any, the court may properly enter a decree against the defendant for the amount of the deficiency, as shown by the report.

Foreclosure.—Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed October 20, 1899.

W. N. GEMMILL, attorney for appellant.

QUIGG & BENTLEY, attorneys for appellees.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

January 7, 1898, a decree of foreclosure was entered in this cause for the sum of $36,484.82. February 4, 1898, a sale was made under said decree by a master in chancery. February 9, 1898, such master made a report of such sale, to the confirmation of which appellant objected. Such objections were overruled and said report of sale confirmed, and a deficiency decree for the sum of $3,877 against appellant entered February 9, 1898. The case is now before this court upon an appeal from said deficiency decree. The record filed in this court commences with said decree of sale entered January 7, 1898, and shows nothing prior to that.

The first point urged on behalf of appellant is that he had no actual notice or personal knowledge of the sale by the master, at or prior to the time of making the same. The law does not require that notice of such a sale should be given to the parties personally, nor that it be actually

brought home to the knowledge of parties interested. This is practically conceded by counsel for appellant, but he urges and states in his affidavit filed with objections to the confirmation of the master's report of sale that he "stated to the master that he wanted notice of the time of the sale of said property, and that he was led to believe by said master that such notice would be given when the property was advertised by the master." And he states also in said affidavit that it was the custom of said master to send notices of sales to the parties to the suit, but he does not state that he knew of any such custom prior to the time the sale was made. He also there states that by reason of a mistake by the master's clerk, such notice was not sent in this case. Assuming those statements to be entirely correct, they do not affect the validity of the sale.

It is also urged by appellant in this connection that the decree only provides for three weeks' notice and does not provide for the posting of notices. The master complied strictly with the provisions of the decree. No further notice is required by statute than is provided for by this decree. Crosby v. Kiest, 135 Ill. 462.

It does not appear that appellant has suffered any substantial injury. No greater sum would be required to redeem from the sale·than to have bid at the sale. It was only three days after the sale when appellant and his counsel knew all the facts. It does not appear that there is any equity in this point.

·The next point presented is that no deficiency decree should have been awarded because the decree of sale " does not provide for such a deficiency," and was not a personal decree.

It is true that in the decree of sale there is no personal decree against appellant for a definite amount upon which execution could have been issued. But it directs that a sale be made, and that the master specify to the court in his report of such sale the amount of the deficiency, if any. He did report a deficiency, and thereupon the court entered a personal decree against appellant for the amount of such

deficiency. The authorities cited by appellant upon this question are not in point. Neither is there any force or merit in this contention.

The further point is urged by appellant that the amount for which the property was sold is wholly inadequate. There might perhaps be some equity in this point if the time for redemption had expired. But, as stated, only three days had elapsed. Appellant could have redeemed from the sale just as well as he could have bid at the sale. There is no merit in this point, either in law or in equity. Mere inadequacy of price, under a judicial sale, when the right of redemption exists, is not of itself sufficient ground for setting aside the sale. Thomas v. Hebenstreit, 68 Ill. 118.

The decree of the Circuit Court is affirmed.